UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA ANTHONY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:21-cv-192 |
| | ) |
| WINDROSE HEALTH NETWORK, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Melissa Anthony, brings this action against Defendant, Windrose Health Network, Inc., for unlawfully violating her rights protected by the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

## PARTIES

2. At all times relevant to this action, Anthony resided within the Southern District of Indiana.

3. Defendant Windrose Health Network, Inc. is a corporation which does business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 12117 and 29 U.S.C. § 2617(a)(2).

5. Anthony was an "employee" as that term is defined by the FMLA, 29 U.S.C. § 2611(2)(a) and the ADA, 42 U.S.C. § 12111(4).

6. Defendant is an "employer" as that term is defined by the ADA, 42 U.S.C. § 12111(5)(A), and the FMLA, 29 U.S.C. § 2611(4)(a).

7. Anthony exhausted her administrative remedies by filing a charge numbered 470-2020-02421 with the U.S. Equal Employment Opportunity Commission against Defendant, and receiving the appropriate notice of suit rights. Anthony files the instant matter within ninety (90) days of receipt of said notice.

8. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff Melissa Anthony was employed by Defendant Windrose Health Network, Inc., beginning on or about April 1, 2015.

10. Since January 1, 2020, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of the facility at which Plaintiff worked.

11. Plaintiff worked one thousand two hundred fifty (1,250) hours in the twelve (12) month period preceding January 1, 2020.

12. Anthony is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102 and 12111(8).

13. Anthony's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

14. In November, 2019, Defendant claimed that Anthony was suicidal, required her to see its psychiatrist, and suspended her pending her meeting with its psychiatrist. The psychiatrist cleared Anthony, found her not to be suicidal, and released her to work.

15. At the end of January, 2020, Defendant's Medical Director and HR Director met with Anthony and alleged, without specifics, that she had been acting strangely, requiring her to take a 6 panel drug test.

16. Anthony passed the test and returned to work, but Defendant had cancelled her patient appointments for the rest of that day and the following day.

17. Anthony's compensation was based, in part, on "face-to-face" encounters with patients.

18. Shortly thereafter, Anthony took a day off pursuant to the FMLA for depression.

19. Defendant's Nurse Manager then told Anthony that Defendant had directed her to write a letter regarding her behavior, stating that she always looked tired and complained of being tired.

20. Anthony complained to Defendant's CEO that she was being retaliated against for requesting an accommodation under the ADA. Anthony's complaint was activity protected by the ADA.

21. On February 5, 2020, Defendant terminated Anthony without cause.

22. Anthony' request for and taking of medical leave under the FMLA constitutes protected activity under the FMLA and ADA.

23. Similarly-situated employees who neither suffered from or were regarded as disabled, and/or employees who had not engaged in protected activity have been treated more favorably than Anthony.

24. Anthony has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### Count I: Disability Discrimination

25. Plaintiff hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26. Defendant unlawfully terminated Anthony because of Anthony's disability and/or because it regarded Anthony as disabled.

27. Defendant's stated reasons for terminating Anthony are pretextual.

28. Defendant's discrimination against Anthony was done in reckless disregard for Anthony's federally protected rights.

29. Actions of Defendant caused Anthony both emotional and economic harm.

30. Intentional and unlawful employment actions of Defendant have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

### Count II: FMLA Retaliation

31. Anthony incorporates all of the allegations set forth in paragraphs one (1) through thirty (30) of this Complaint.

32. Anthony properly notified Defendant of her need for leave for FMLA-qualifying reasons.

33. Defendant unlawfully discriminated against and retaliated against Anthony in violation of the FMLA.

34. Defendant terminated Anthony in retaliation for her exercising her rights under the FMLA.

35. Retaliation by Defendant against Anthony violated the FMLA, 29 U.S.C. §2615(a) by discriminating against her due to her attempts to exercise her rights under the FMLA.

36. Actions by Defendant were intentional, willful, done in bad faith, and in reckless disregard of Anthony' federally protected rights under the FMLA.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Melissa Anthony, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Reinstatement to her prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendants from future violations of the ADA and the FMLA;

3. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

4. Compensatory, consequential, and punitive damages;

5. Liquidated damages for intentional violations of the FMLA;

6. All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief to which she is entitled.

        Respectfully submitted,

        John H. Haskin (7576-49)
        Paul A. Logan (17661-02)
        JOHN H. HASKIN & ASSOCIATES
        255 North Alabama Street, 2nd Floor
        Indianapolis, IN 46204
        Telephone:  (317) 955-9500
        Facsimile:  (317) 955-2570
        E-Mail:  jhaskin@jhaskinlaw.com
        E-Mail:  plogan@jhaskinlaw.com
        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Melissa Anthony, by counsel, and demands a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        John H. Haskin (7576-49)
        Paul A. Logan (17661-02)
        JOHN H. HASKIN & ASSOCIATES
        255 North Alabama Street, 2nd Floor
        Indianapolis, IN 46204
        Telephone:  (317) 955-9500
        Facsimile:  (317) 955-2570
        E-Mail:  jhaskin@jhaskinlaw.com
        E-Mail:  plogan@jhaskinlaw.com
        Attorneys for Plaintiff